**Mohammad BUTTA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5052–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Alexander J. Segal, Brooklyn, New York, for Petitioners.

Eric F. Melgren, United States Attorney, for the District of Kansas, Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Butta, a native and citizen of Pakistan, seeks review of an August 19, 2005 order of the BIA affirming the February 15, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Butta*, No. A76 197 761 (B.I.A. Aug. 19, 2005), *aff'g* No. A76 197 761 (Immig. Ct. N.Y. City Feb. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision, for reasons cited therein, then supplements the IJ's decision, it is appropriate to review the decision of the IJ as supplemented by the BIA. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006); *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). Legal questions, and application of law to fact, are reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ We lack jurisdiction to review the denial of Butta's asylum claim, when it was filed more than one year after his last entry into the United States, and he has not raised any challenge to the IJ's determination that he failed to establish extraordinary circumstances excusing the late filing—much less a constitutional or

legal challenge. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen v. United States DOJ,* 471 F.3d 315, 324–30 (2d Cir.2006). The asylum claim is therefore dismissed.

■■ Withholding of removal, however, is not subject to any filing deadlines; the IJ's factual findings underlying the denial of that claim are supported by substantial evidence in this case. *See id.* at 332. Butta's testimony suggested that he was unfamiliar with many of the critical details of his claim, in that he could not provide much information about the Muslim League, in which he claimed to have held several positions, and contradicted himself as to whether he was general secretary, and whether his brother was harmed as a result of his own membership. Additionally, the IJ reasonably found that the documents Butta submitted failed to rehabilitate his testimony, when (1) he could not explain why he was issued a card from the Youth Wing of his party in 1997, listing him as general secretary but with a photograph of himself as a young teenager, when he would have been approximately 30 years old at the time; (2) his testimony contradicted the medical report regarding his brother's injuries; and (3) he could not identify other individuals named in the charging document issued against him as Muslim League members, or explain why the government would charge them with demonstrating against the leader of their own party, at a time when he was no longer in power. Moreover, we reject Butta's argument that he was denied due process when the government failed to conduct a formal investigation of these documents. While Butta may have been unable to have the documents authenticated through the embassy himself, this Court has emphasized that consular authentication under 8 C.F.R. § 287.6 is not the only method of authenticating documents, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005), and the embassy's response should have alerted Butta that some other method of bolstering his documents was required. The IJ gave him an opportunity to authenticate the documents through his testimony, but, as discussed above, reasonably found that he failed to lay a proper foundation when his testimony suggested that he was unfamiliar with the documents. Therefore, the IJ reasonably found that Butta failed to establish eligibility for withholding, and did not deny him due process in so finding.

■■ 2 Finally, while we excuse Butta's failure to exhaust his CAT claim, in light of the BIA's decision to address it regardless, *see Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006), we agree with the BIA that the adverse credibility finding was also fatal to that claim. An adverse credibility finding in the asylum/withholding context is not always fatal to a CAT claim, in that the latter lacks either a subjective element or a nexus requirement. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004). However, because the agency's adverse credibility finding in this case extended to the facts that "formed the only potentially valid basis" for Butta's CAT claim, denial of CAT relief based on adverse credibility was also appropriate. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).